## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

In re:

JOAN TOPALIAN,

        Debtors.

_____

Case No.  97-14900
Chapter 7

JOAN TOPALIAN,

        Plaintiff,

v.

BANK OF AMERICA,

        Defendant.

_____

Adversary No.: 16-01030

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT BANK OF AMERICA, N.A.'S MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

Page

Table of Authorities…………………………………………………………...…….…..ii

Introduction…………………………………………………………………………..1

Background………………………………………………………………………….1

A.    Factual History………………………………………………………………….1

B.    Procedural History……………………………………………………….......3

Legal Standard……………………………………………………………………3

Argument…………………………………………………………………………4

I.    There Is No Genuine Dispute As To Whether BANA Violated The Bankruptcy
     Discharge Injunction And Plaintiff's Claim Fails As A Matter Of Law…………………4

II.   To The Extent This Court Finds Plaintiff Has Asserted Additional Claims, There
     Is No Genuine Dispute As To Any Material Facts And Those Claims Fail As
     A Matter Of Law………………………………………….........................................6

Conclusion………………………………………………………………………...7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
      477 U.S. 242 (1986)..................................................................................4

*Best v. Nationstar Mortg. LLC (In re Best)*,
      540 B.R. 1 (B.A.P. 1st Cir. 2015)..........................................................4, 5

*Catanzaro v. Experian Info. Solutions, Inc.*,
      671 F. Supp. 2d 256, 259 (D. Mass. 2009)................................................6

*Celotex Corp. v. Catrett*,
      477 U.S. 317 (1986)..................................................................................3

*Islam v. Option One Mortg. Corp.*,
      432 F. Supp. 2d 181, 191 (D. Mass. 2006)................................................6

*Gibbs v. SLM Corp.*,
      336 F. Supp. 2d 1, 11 (D. Mass. 2004)......................................................6

*Lumb v. Cimenian (In re Lumb)*,
      401 B.R. 1 (B.A.P. 1st Cir. 2009)..............................................................4

*Manning v. CitiMortgage, Inc. (In re Manning)*,
      505 B.R. 383, 386 (Bankr. D. N.H. 2014)................................................4

*Reyes v. FCC Nat'l Bank (In re Reyes)*,
      238 B.R. 507, 508 (Bankr. D. R.I. 1999)..................................................4

**Rules**

FED. R. CIV. P. 56................................................................................................3, 7

**Statutes**

11 U.S.C. § 362..................................................................................................4

11 U.S.C. § 524..................................................................................................3, 4

15 U.S.C. § 1681s-2............................................................................................6

## INTRODUCTION

In her Amended Complaint, Plaintiff Joan Topalian ("Plaintiff") appears to allege that by misapplying a payment she made to Bank of America, N.A. ("BANA") in 2006 – which was an inadvertent error that BANA immediately cured – BANA violated the bankruptcy discharge injunction that took effect in 1998.   However, beyond that vague allegation, the Amended Complaint and the record to date is void of any evidence suggesting that BANA violated the bankruptcy discharge injunction.   Further, Plaintiff has failed to provide any evidence of damages.  There are no genuine issues of material fact and that claim fails as a matter of law.

Similarly, to the extent Plaintiff attempts to assert additional claims, those claims also fail as a matter of law.  In particular, Plaintiff has made vague assertions during the litigation relating to a credit reporting claim.   However, to the extent this Court construes such a Fair Credit Reporting Act ("FCRA") claim, Plaintiff has failed to put forth any evidence that supports it. She has specifically failed to allege that she disputed the alleged reporting at issue.   Moreover, Plaintiff has, at no point, provided any evidence of damages as a result.   Therefore, Plaintiff cannot genuinely dispute any material fact related to a FCRA claim – or any additional claim this Court finds – and those claims fail as a matter of law.   For these reasons and those explained more fully below, BANA's motion for summary judgment as to all of Plaintiff's claims should be granted.

## BACKGROUND

A.      **Factual History**

BANA is a wholly-owned subsidiary of Bank of America Corporation and the successor-in-interest to FIA Card Services, N.A., formerly known as MBNA America Bank, N.A. ("FIA").

*See* BANA's Statement of Undisputed Material Facts ("SUMF"), ¶ 1. FIA was merged into and under the charter and title of BANA effective October 1, 2014. SUMF ¶ 2. Plaintiff has two credit card accounts with BANA, or a predecessor-in-interest: (1) a MasterCard credit card account currently ending in 5699 (formerly ending in 8434 and 6949) (the "MasterCard Account"); and (2) a Visa credit card account currently ending in 0041 (formerly ending in 1130 and 6048)[1] (the "Visa Account," collectively with the MasterCard Account, the "Accounts"). *See* SUMF ¶¶ 3-4.

Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court for the District of Rhode Island on November 24, 1997, BK No. 97-14900 (the "Bankruptcy Filing"). *See* Topalian Bankr. Pet.; SUMF ¶ 6. Only the MasterCard Account was included in the Bankruptcy Filing. *See* Topalian Bankr. Pet., Schedule F; SUMF ¶ 7. Upon notice of the Bankruptcy Filing in December 8, 1997, BANA updated its records to reflect that the MasterCard Account was closed due to bankruptcy. *See* SUMF ¶ 8. On July 1, 1998, the MasterCard Account was charged-off as a loss to the bank. *See* SUMF ¶ 9.

Plaintiff's Visa Account was opened on July 8, 2004.[2] *See* SUMF ¶ 10. The last payment on the Visa Account was made on April 23, 2013 and, after non-receipt of payment, the Visa Account was charged-off as a loss to the bank on June 29, 2013. *See* SUMF ¶¶ 16-17. During the life of the Visa Account, BANA has resolved any errors regarding the alleged misapplication of any payment, and thus, no adjustments are due with respect to the past history or reporting on the Visa Account. *See* SUMF ¶¶ 11-12, 15.

On July 24, 2013, the Visa Account and underlying credit card agreement were sold, transferred, and set-over to Portfolio Recovery Associates, with full authority to do and perform

---

[1] BANA's standard practice was to change the account number for its accounts at the time of charge-off. This change occurred with respect to each of the accounts. *See* SUMF ¶ 5.
[2] The Visa Account was not included in the Bankruptcy Filing. *See* SUMF ¶ 10.

all acts necessary for the collection, settlement, adjustment, compromise, or satisfaction of the Visa Account. *See* SUMF ¶ 18. As a result of the sale, BANA has no interest in the Visa Account for any purpose. *See* SUMF ¶ 19. At this time, BANA is not reporting either the Visa Account or the MasterCard Account to the credit reporting agencies. *See* SUMF ¶ 20.

## B.     Procedural History

On February 21, 2017, Plaintiff filed her adversary proceeding complaint against BANA. *See* ECF Nos. 4, 6. In response, BANA filed a Motion to Dismiss to the Complaint (the "Motion") arguing that Plaintiff had failed to plead any cognizable claims. *See* ECF No. 14. After oral argument on the Motion, the Court denied the Motion and provided Plaintiff leave to amend her Complaint. *See* ECF No. 23. Thereafter, Plaintiff amended her Complaint, including only a single claim for a purported violation of the bankruptcy discharge injunction, 11 U.S.C. § 524(2). *See* ECF No. 25.

Since the filing of Plaintiff's Amended Complaint, both parties have served and responded to several sets of discovery requests. Most recently, on March 9, 2018, BANA provided Plaintiff with the Jordan Affidavit and the documentation requested in the Court's Discovery and Dispositive Motion Scheduling Order dated February 8, 2018 (the "Order") (ECF No. 80). *See* ECF No. 82. BANA is now submitting this Motion and Memorandum in Support pursuant to the deadline provided in the Order. *See* ECF No. 80.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where, as here, the non-moving party bears the burden of proof at trial, the moving party may carry its burden on summary judgment by "show[ing] the absence of evidence in the record" to support

the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden then

shifts to the plaintiff to produce "concrete evidence from which a reasonable jury could return a

verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Plaintiff "may not

rest upon the mere allegations or denials of [their] pleading, but . . . must set forth specific facts

showing that there is a genuine issue for trial." *Id.*

## ARGUMENT

### I.   THERE IS NO GENUINE DISPUTE AS TO WHETHER BANA VIOLATED THE BANKRUPTCY DISCHARGE INJUNCTION AND PLAINTIFF'S CLAIM FAILS AS A MATTER OF LAW.

"The discharge injunction is like a permanent extension of the automatic stay under §

362(a) of the Bankruptcy Code and thus, includes all types of collection activity such as letters,

phone calls . . . ." *Best v. Nationstar Mortg. LLC (In re Best)*, 540 B.R. 1, 9 (B.A.P. 1st Cir.

2015) (citing *Lumb v. Cimenian (In re Lumb)*, 401 B.R. 1, 6 (B.A.P. 1st Cir. 2009). "A creditor

violates the discharge injunction . . . when it (1) has notice of the debtor's discharge . . . ; (2)

intends the actions which constituted the violation; and (3) acts in a way that improperly coerces

or harasses the debtor." *Id.* However, the discharge injunction does not create a private right of

action. *See Reyes v. FCC Nat'l Bank (In re Reyes)*, 238 B.R. 507, 508 (Bankr. D. R.I. 1999).

Instead, in cases where a plaintiff is seeking recourse for a violation of 11 U.S.C. § 524(2),

plaintiff's singular remedy is contempt. *Id.* The burden of proof is on the former debtor to

establish by clear and convincing evidence that the creditor violated the discharge injunction.

*See Best*, 540 B.R. at 9 (citing *Manning v. CitiMortgage, Inc. (In re Manning)*, 505 B.R. 383,

386 (Bankr. D. N.H. 2014)).

Here, Plaintiff made the Bankruptcy Filing on November 24, 1997. *See* Topalian Bankr.

Pet. Upon notice of the Bankruptcy Filing on December 8, 1997, BANA updated its records to

reflect that the MasterCard Account was closed due to bankruptcy, and BANA ceased all collection activities on the MasterCard Account. *See* SUMF ¶ 8. On February 26, 1998, this Court entered the order discharging Plaintiff's debts, which included the MasterCard Account debt, and the automatic stay on collection efforts transitioned to a discharge injunction.

Aside from Plaintiff's conclusory and repetitious allegations, Plaintiff has put forth no evidence showing that BANA has violated the bankruptcy discharge injunction. In the Amended Complaint and throughout the litigation, Plaintiff's primary claim is that, in October 2006, a payment that she made towards the Visa Account was incorrectly applied to the MasterCard Account. *See* ECF No. 25. BANA does not dispute that this inadvertent error occurred, and BANA has provided undisputed evidence that upon notice of this mistake, BANA immediately cured the misapplication by applying the payment to the Visa Account. *See* SUMF ¶¶ 11-12. The record is devoid of any evidence that this action – or any alleged action by BANA – was intentional, was done to coerce or harass Plaintiff, or constitutes any type of collection activity. *See Best*, 540 B.R. at 9. On this basis alone, it is clear that there is no genuine dispute as to any material facts with respect to whether BANA violated the bankruptcy discharge injunction, and Plaintiff's claim fails as a matter of law.

Further, Plaintiff has put forth no evidence – aside from mere conclusory allegations – that she has suffered any damages as a result of the misapplied payment. To the contrary, BANA has provided undisputed evidence that BANA not only immediately credited the payment to the Visa Account in October 2006, but has also provided numerous credits and adjustments to the Visa Account in response to Plaintiff's repeated complaints over the years that BANA had not fixed this error. *See* SUMF ¶¶ 13-14 (noting that BANA made subsequent interest charge adjustments on the Visa Account in the amount of $144.86 in 2010 and $444.04 in 2011). Thus,

5

without actually suffering any injury and without any evidence of damages claimed, Plaintiff

cannot prove any damages as a result of the misapplied payment.   Accordingly, there is no

genuine dispute as to whether Plaintiff suffered damages as a result of the misapplied payment,

and Plaintiff's claim fails as a matter of law for this additional reason.

## II.   TO THE EXTENT THIS COURT FINDS PLAINTIFF HAS ASSERTED ADDITIONAL CLAIMS, THERE IS NO GENUINE DISPUTE AS TO ANY MATERIAL FACTS AND THOSE CLAIMS FAIL AS A MATTER OF LAW.

To the extent that this Court construes that Plaintiff has pled additional claims, those

claims also fail as a matter of law for the same reasons noted above.   For example, while the

Amended Complaint contains no allegations regarding credit reporting as it relates to the

Accounts, Plaintiff has made credit reporting allegations in several recent filings.   *See, e.g.*, ECF

No. 65 at 5.   Section 1681s-2(b)(1) of the FCRA provides, in relevant part,

> After receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the [information furnisher] shall—A) conduct an investigation with respect to the disputed information [and] B) review all relevant information provided by the consumer reporting agency . . . .

*Catanzaro v. Experian Info. Solutions, Inc.*, 671 F. Supp. 2d 256, 259 (D. Mass. 2009) (citing 15

U.S.C. § 1681s-2(b)(1)).

Among other elements, a plaintiff must allege that plaintiff submitted a dispute to a credit

reporting agency ("CRA") and that the CRA provided notice of plaintiff's dispute to the

information furnisher.   *Catanzaro*, 671 F. Supp. 2d at 259.   Without such an allegation, a

plaintiff's claim should be dismissed.   *See, e.g.*, *Islam v. Option One Mortg. Corp.*, 432 F. Supp.

2d 181, 191 (D. Mass. 2006) (finding no private right of action against an information furnisher

unless the credit reporting agency informs the furnisher of the dispute); *Gibbs v. SLM Corp.*, 336

F. Supp. 2d 1, 11 (D. Mass. 2004) (holding that the FCRA provides a private right of action only if furnisher was notified of dispute by CRA).

Here, Plaintiff has made no allegations in her Amended Complaint nor provided any evidence suggesting she submitted a dispute to any CRA and that any CRA provided notice of any dispute to BANA.   Further, Plaintiff has not put forth any evidence that she suffered damages as a result of a credit reporting issue she may have had in relation to the Accounts. Instead, BANA had put forth undisputed evidence that BANA is no longer reporting the Accounts. *See* SUMF ¶ 20.   Accordingly, to the extent this Court finds Plaintiff is making a credit reporting-based claim – or any additional claim – it fails as a matter of law.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Bank of America, N.A., respectfully moves this Court to enter summary judgment in its favor on all of Plaintiff's claims pursuant to FED. R. CIV. P. 56.

Respectfully Submitted:

BANK OF AMERICA, N.A.,

By its Attorneys,

*/s/John H. McCann*
John H. McCann (#2947)
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (fax)
jmccann@shslawfirm.com

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I, John H. McCann, hereby certify that on April 6, 2018 I electronically filed the foregoing Memo in Support of Motion for Summary Judgment with the United States Bankruptcy Court for the District of Rhode Island using the CM/ECF System and that paper copies will be sent to those indicated as non-registered participants on this date.

*/s/ John H. McCann*
John H. McCann, Esq. (#2947)