**UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND**

In re:

JOAN TOPALIAN,   Case No. 97-14900
                Chapter 7
        Debtors.
_____

JOAN TOPALIAN,

        Plaintiff,

v.   Adversary No.: 16-01030

BANK OF AMERICA,

        Defendant.
_____

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
BANK OF AMERICA. N.A.'S MOTION FOR SUMMARY JUDGMENT**

1

| Undisputed Facts | Supporting Evidence |
|---|---|
| 1. Bank of America, N.A. ("BANA") is a wholly-owned subsidiary of Bank of America Corporation and the successor-in-interest to FIA Card Services, N.A., formerly known as MBNA America Bank, N.A ("FIA"). | Tom Jordan Affidavit dated March 6, 2018 ("Jordan Aff."), ¶ 3 |
| 2. FIA was merged into and under the charter and title of BANA effective October 1, 2014. | Jordan Aff., ¶ 3 |
| 3. On May 23, 1994, Plaintiff opened a MasterCard credit card account with a BANA predecessor-in-interest currently ending in 5699 (formerly ending in 8434 and 6949) (the "MasterCard Account"). | Jordan Aff., ¶¶ 4, 6; BANA 000001; BANA 000003 |
| 4. On July 8, 2004, Plaintiff opened a Visa credit card account with BANA currently ending in 0041 (formerly ending in 1130 and 6048) (the "Visa Account"). | Jordan Aff., ¶ 8; BANA 000006 |
| 5. BANA's standard practice was to change the account number for its accounts at the time of charge-off, and this change occurred with respect to both the MasterCard Account and the Visa Account. | Jordan Aff., ¶ 5, 6, 8; BANA 000001; BANA 000007 |
| 6. On November 24, 1997, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court for the District of Rhode Island, BK No. 97-14900 (the "Bankruptcy Filing"). | Topalian Bankr. Pet.; ECF No. 1 |
| 7. Only the MasterCard Account was included in the Bankruptcy Filing. | Topalian Bankr. Pet., Schedule F; ECF No. 1 |
| 8. Upon notice of the Bankruptcy Filing on December 8, 1997, BANA updated its records to reflect that the MasterCard Account was closed due to bankruptcy. | Jordan Aff., ¶ 7; BANA 000002 – BANA 000005 |
| 9. On July 1, 1998, the MasterCard Account was charged- | Jordan Aff., ¶ 6; BANA |

| | |
|---|---|
| off as a loss to the bank. | 000001 |
| 10. The Visa Account was not included in the Bankruptcy Filing. | Jordan Aff., ¶ 8; Topalian Bankr. Pet., ECF No. 1 |
| 11. In October 2006, BANA inadvertently misapplied a payment received from Plaintiff in the amount of $160.81 to Plaintiff's MasterCard Account instead of the Visa Account. | BANA 000013, BANA 000015 |
| 12. Upon notice of the misapplication in November 2006, BANA quickly cured the misapplication by applying the payment to the Visa Account. | BANA 000017, BANA 000057 |
| 13. BANA made an interest charge adjustment on the Visa Account in the amount of $144.86 in 2010. | Jordan Aff., ¶ 8; BANA 000019 |
| 14. BANA made an interest charge adjustment on the Visa Account in the amount of $444.04 in 2011. | Jordan Aff., ¶ 8; BANA 000021 |
| 15. No adjustments are due with respect to the past history or reporting on the Visa Account. | Jordan Aff., ¶ 8 |
| 16. The last payment on the Visa Account was made on April 23, 2013. | Jordan Aff., ¶ 8; BANA 000006 |
| 17. After non-receipt of payment, the Visa Account was charged-off as a loss to the bank on June 29, 2013. | Jordan Aff., ¶ 8; BANA 000007 |
| 18. On July 24, 2013, the Visa Account and underlying credit card agreement were sold, transferred, and set-over to Portfolio Recovery Associates, with full authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise, or satisfaction of the Visa Account. | Jordan Aff., ¶ 9; BANA 000008 |
| 19. As a result of the sale, BANA has no interest in the Visa Account for any purpose. | Jordan Aff., ¶ 10 |
| 20. At this time, BANA is not reporting either the Visa Account or the MasterCard Account to the credit reporting agencies. | Jordan Aff., ¶ 11; BANA 000009 – BANA 000010 |

        Respectfully Submitted:

        BANK OF AMERICA, N.A.,

        By its Attorneys,

        */s/John H. McCann*
        John H. McCann (#2947)
        Shechtman Halperin Savage, LLP
        1080 Main Street
        Pawtucket, RI 02860
        (401) 272-1400
        (401) 272-1403 (fax)
        jmccann@shslawfirm.com

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I, John H. McCann, hereby certify that on April 6, 2018 I electronically filed the foregoing Statement of Undisputed Facts with the United States Bankruptcy Court for the District of Rhode Island using the CM/ECF System and that paper copies will be sent to those indicated as non-registered participants on this date.

        */s/ John H. McCann*
        John H. McCann, Esq. (#2947)